**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-4693**

———————————

UNDER SEAL,

                                            Plaintiff - Appellee,

      versus

UNDER SEAL,

                                       Defendant - Appellant.


-----------------------

UNDER SEAL,

                                                 Movant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Richard L. Williams, Senior District Judge.  (CR-01-186-RLW)

———————————

Submitted:  January 9, 2006        Decided:  March 9, 2006

———————————

Before NIEMEYER, LUTTIG, and WILLIAMS, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Frank W. Dunham, Jr., Federal Public Defender, Robert J. Wagner, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, John S. Davis, Sara E. Flannery, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant appeals from the district court's order revoking his supervised release and imposing a twenty-four-month term of imprisonment. Because we find no merit to Appellant's argument on appeal, we affirm.

Appellant asserts that he was improperly sentenced in light of the Supreme Court's opinion in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). In Booker the Supreme Court applied the holding of Blakely v. Washington, 542 U.S. 296 (2004), to the Federal Sentencing Guidelines and concluded that the Sixth Amendment is violated when a district court imposes a sentence under the Guidelines that is greater than a sentence based solely upon facts found by the jury or admitted by the defendant. Booker, 125 S. Ct. at 752-56. Rather than totally invalidating the Guidelines, however, the Court held that the Guidelines are no longer binding on the district courts and are advisory only. To effectuate this remedy, the Court severed two provisions of the Sentencing Reform Act: 18 U.S.C.A. § 3553(b)(1) (West Supp. 2005), requiring sentencing courts to impose a sentence within the Guideline range, and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2005), setting forth standards of review on appeal. Sentencing courts are now required to consider the applicable Guideline range, but may "tailor the sentence in light of other statutory concerns . . . ." Booker, 125 S. Ct. at 757.

We conclude that <u>Booker</u> provides Appellant no grounds for relief. First, the Supreme Court did not totally invalidate the Sentencing Reform Act, but in fact left the great majority of the Act's provisions intact and legally effective. <u>See</u> <u>Booker</u>, 125 S. Ct. at 764 ("The remainder of the Act 'function[s] independently.'"). More specifically, the provision of the Act that governs supervised release, 18 U.S.C.A. § 3583 (West 2000 & Supp. 2005), was not affected by <u>Booker</u>. <u>Booker</u>, 125 S. Ct. at 764-68. Finally, the change effected by <u>Booker</u>--making the Sentencing Guidelines merely advisory--was not a change in the manner in which the Guidelines were applied to pre-<u>Booker</u> revocations of supervised release. <u>See</u> <u>United States v. Davis</u>, 53 F.3d 638, 642 (4th Cir. 1995) ("Chapter 7's policy statements are now and have always been non-binding, advisory guides to district courts in supervised release revocation proceedings.").

We accordingly find no reversible error and affirm the order of the district court revoking Appellant's supervised release and imposing a term of twenty-four months of imprisonment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>